FILED
APR 27 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICKY MONROE-RICKS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-00799 (UNA) |
| ) | |
| UNITED STATES RAILROAD ) | |
| RETIREMENT BOARD, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiffs' *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff, Vicky Monroe-Ricks, brings this action on behalf of herself and her spouse, "Mr. Ricks." Both plaintiffs appear to reside in Suitland, Maryland. *See* Compl., ECF No. 1, at 1. She has filed suit against the United States Railroad Retirement Board ("RRB"), including the RRB Hearings & Appeals Office, and the "whole railroad retirement board systemically." *See id.* at 2.

While plaintiff makes passing reference to discrimination and various other constitutional violations, as well as unspecified tort claims, *see id.* at 3, 7, at root, plaintiff is aggrieved that RRB "fail[ed] to pay [Mr. Ricks] his RRB benefits causing damages[,]" *see id.* at 4, 6–7. More specifically, plaintiff alleges that, since the time that Mr. Ricks retired due to disability, he has been unfairly denied his retirement benefits, and that he "should also be receiving allotments for [his] spouse and dependent children[.]" *Id.* at 6. She attests that these denials have been appealed administratively and that the determinations have been unlawfully affirmed without merit. *See id.*

She demands that the court assess the RRB's determinations and order the issuance of all benefits owed. *See id*. at 7. She also demands additional compensatory damages. *See id.*

First, Ms. Monroe-Ricks has not complied with the requirement of the Local Rules of this court that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). She has failed to provide a residence address for either herself or her spouse. The information regarding "Mr. Ricks," is yet greater lacking; the initiating filings are, in fact, devoid of his full name. This is insufficient.

Second, Ms. Monroe-Ricks has filed a joint IFP application on behalf of herself and her husband, and has conflated both of their financial circumstances, which she may not do. As a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). This requirement includes the submission of separate and individually executed IFP applications. *See generally*, 28 U.S.C. § 1915. Mr. Ricks has not submitted his own IFP application and without properly detailed IFP applications, individually executed and filed by each plaintiff, the court lacks the information by which it may assess plaintiffs' respective financial statuses at this juncture. Thus, the court will deny the joint IFP application and dismiss the complaint without prejudice to refiling.

The court notes, however, that should either plaintiff determine to refile this litigation anew and in accordance with the parameters described above (or alternatively upon submission of the

filing fee), there are yet additional deficiencies. For example, Mr. Ricks has not signed the complaint and there is no indicia of his voluntary participation in this matter. *See* Fed. R. Civ. P. 11(a). Furthermore, there is no information provided to establish that he is unable to litigate this case himself as a party, or that Ms. Monroe-Ricks is legally entitled to bring this suit on his behalf as his proxy. And even if Ms. Monroe-Ricks were proceeding solely for herself, this court lacks jurisdiction over these claims because only certain federal courts of appeals have the authority to review final decisions of the Railroad Retirement Board. *See* 45 U.S.C. § 355(f).

For all of these reasons, all of the joint IFP application is denied and this matter is dismissed without prejudice. Plaintiffs' pending motion for default, ECF No. 3, is also denied. A separate order accompanies this memorandum opinion.

Date: April 27, 2021

　　　　　　　　　　　／s／　　　　　　　　
　　　　　　　　TIMOTHY J. KELLY
　　　　　　　　United States District Judge